IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. CV-F-11-00676-LJO-SMS |
| Plaintiff, | **ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES** (Doc. 14) |
| vs. | |
| GEORGIA YVETTE MARTINEZ, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff J & J Sports Productions, Inc. ("JJ Sports") moves to strike the six affirmative defenses asserted by defendant Jose Martinez ("Mr. Martinez"), d.b.a. Puerto Vallarta Seafood Restaurant also known as Mariscos Puerto Vallarta ("Puerto Vallarta"), pursuant to F.R.Civ.P. 12(f). Mr. Martinez, proceeding in propria persona, failed to oppose this motion. Having considered JJ Sports' arguments and the applicable case law, this Court finds this motion suitable for a decision without a hearing, and VACATES the September 21, 2011 hearing on this motion pursuant to Local Rule 230(c) and (h). For the foregoing reasons this Court GRANTS JJ Sports' motion and STRIKES each of the six affirmative defenses asserted by Mr. Martinez as insufficiently pled. In addition to the insufficient pleading, the affirmative defenses are insufficient as a matter of law.

**BACKGROUND**

In its motion, filed on August 15, 2011, JJ Sports alleged the following facts:

JJ Sports was granted the exclusive nationwide commercial distribution rights to "The Floyd Mayweather v. Shane Mosley Welterweight Championship Fight Program" ("Program"). The Program

telecast nationwide on Saturday, May 1, 2010. JJ Sports' distribution rights encompassed all undercard events as well as the main event to be broadcast in the Program.

Pursuant to the contract granting its distribution rights, JJ Sports entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Without authorization, Mr. Martinez and Georgia Yvette Martinez unlawfully intercepted and exhibited the Program at Puerto Vallarta. JJ Sports asserts the following counts against the Martinezes:

(1) Violation of 47 U.S.C. § 605;

(2) Violation of 47 U.S.C. § 553;

(3) Conversion; and

(4) Violation of Cal. Bus. Prof. Code, § 17200, et seq.

JJ Sports seeks statutory, compensatory, exemplary, and punitive damages, attorneys' fees and costs, declaratory and injunctive relief.

Mr. Martinez filed an answer to the complaint ("Answer") on July 27, 2011. In his Answer, Mr. Martinez denied the allegations in the complaint and asserted six affirmative defenses. JJ Sports moves to strike the affirmative defenses.

### F.R.Civ.P. 12(f) MOTION TO STRIKE STANDARDS

JJ Sports moves to strike the affirmative defenses pursuant to F.R.Civ.P. 12(f). Pursuant to F.R.Civ.P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored. *Ali v. New York Cirty Transit Auth.*, 176 F.R.D. 68, 70 (E.D. NY 1997), *aff'd*, 182 F.3d 898 (2nd Cir. 1999). A motion to strike an insufficient affirmative defense will be granted only if the insufficiency is "clearly apparent." *Id.* An affirmative defense is insufficient if it fails to provide the plaintiff with "fair notice" of the defense. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Matter may be stricken as "immaterial" if it "has no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). This Court may strike a pleading as "impertinent" if it does "not pertain...to the issues in question." *Id*.

Affirmative defenses are subject to the pleading standards of F.R.Civ.P. 8. *See* F.R.Civ.P.

8(c)(1). F.R.Civ.P. 8 requires a party to make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). To state an affirmative defense sufficiently, a defendant must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). When an affirmative defense is "'merely consistent with' a [plaintiff's] liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 696, 973 (9th Cir. 2004) (internal quotation marks and citations omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*. (internal quotation marks and citations omitted).

In addition to the above standards, this Court applies a lenient standard to documents filed by pro se litigants. "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court shall consider JJ Sports' motion to strike under generally applicable standards, while liberally construing Mr. Martinez' affirmative defenses.

## DISCUSSION

### Failure to Give Fair Notice

JJ Sports argues that all six of Mr. Martinez' affirmative defenses are legal conclusions that provide no factual support linking them to the issues at hand and thus, requests that the affirmative defenses be stricken. This Court agrees and grants JJ Sports' request.

To state an affirmative defense sufficiently, a party must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, there is an absence of facts to support the first five affirmative defenses. Mr. Martinez' first four defenses merely deny liability of each count of the Complaint with nothing more. Answer, p. 4-6. His fifth defense merely states that JJ Sports' "claims for relief and prayer for damages are limited." Answer, p. 6. Even under a liberal

construction, Mr. Martinez' first five affirmative defenses are insufficient because they lack facts to give JJ Sport "fair notice" of the defense. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Accordingly, this Court STRIKES Mr. Martinez' affirmative defenses one through five as insufficiently pled.

### Legally Insufficient Affirmative Defenses

In addition to insufficient pleading, Mr. Martinez' "affirmative defenses" fail as a matter of law. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). An allegation that merely negates an element that a plaintiff is required to prove is not an affirmative defense as is required to be pled in the defendant's answer. *Id.*; *see also Flav-O-Rich v. Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (recognizing that a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense).

Mr. Martinez' first four defenses merely deny liability of each count of the complaint. Answer, p. 4-6. These are not affirmative defenses. *See Zivkovic*, 302 F.3d at 1088. Mr. Martinez' fifth defense states that JJ Sports' "claims for relief and prayer for damages are limited." Answer, p. 6. This is not a defense but a denial of an element of JJ Sports' cause of action. *See Zivkovic*, 302 F.3d at 1088. Finally, Mr. Martinez' sixth defense merely states that JJ Sports is precluded from seeking recovery of its costs. Answer, p. 6. Again, this is another denial of JJ Sports' right to recover and thus, does not constitute an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. Accordingly, for this additional reason, this Court STRIKES Mr. Martinez' affirmative defenses one through six.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. VACATES the September 21, 2011 hearing on this motion;
2. GRANTS JJ Sports' motion to strike; and
3. STRIKES Mr. Martinez' six affirmative defenses.

IT IS SO ORDERED.

Dated:   September 19, 2011          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

4