IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC, | CASE NO. CV-F-11-00676-LJO-SMS |
| Plaintiff, | **ORDER ON MOTION TO DISMISS JOSE MARTINEZ' COUNTERCLAIMS** (Doc. 15) |
| vs. | |
| GEORGIA YVETTE MARTINEZ, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff J & J Sports Productions, Inc. ("JJ Sports") seeks to dismiss defendant Jose Martinez' ("Mr. Martinez"), d.b.a. Puerto Vallarta Seafood Restaurant also known as Mariscos Puerto Vallarta ("Puerto Vallarta"), counterclaims for failure to state a claim pursuant to F.R.Civ.P. 12(b)(6). Mr. Martinez, proceeding in propria persona, failed to oppose this motion. Having considered JJ Sports' arguments and the applicable case law, this Court finds this motion suitable for a decision without a hearing, and VACATES the September 21, 2011 hearing on this motion pursuant to Local Rule 230(c) and (h). For the reasons discussed below, this court GRANTS JJ Sports' motion and DISMISSES with prejudice Mr. Martinez' counterclaims.

**BACKGROUND**

**Summary**

JJ Sports was granted the exclusive nationwide commercial distribution rights to "The Floyd

1

Mayweather v. Shane Mosley Welterweight Championship Fight Program" ("Program"). The Program telecast nationwide on Saturday, May 1, 2010. JJ Sports' distribution rights encompassed all undercard events as well as the main event to be broadcast in the Program.

Pursuant to the contract granting its distribution rights, JJ Sports entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. JJ Sports alleges that, without authorization, Mr. Martinez and Georgia Yvette Martinez unlawfully intercepted and exhibited the Program at Puerto Vallarta. JJ Sports asserts the following counts against the Martinezes:

(1) Violation of 47 U.S.C. § 605;

(2) Violation of 47 U.S.C. § 553;

(3) Conversion; and

(4) Violation of Cal. Bus. Prof. Code, § 17200, et seq.

JJ Sports seeks statutory, compensatory, exemplary, and punitive damages, attorneys' fees and costs, declaratory and injunctive relief.

Mr. Martinez filed an answer to the complaint ("Answer") on July 27, 2011. In his Answer, Mr. Martinez denied the allegations in the complaint and asserted four counterclaims. First, Mr. Martinez claimed that 47 U.S.C. § 605 is invalid and that he did not violate the statute. Second, he claimed that he did not violate 47 U.S.C. § 553. Third, he claimed that JJ Sports does not have a valid and enforceable claim against him with regard to the conversion allegation. Fourth, he claimed that he did not violate Cal. Bus. Prof. Code, § 17200, et seq. and that he is entitled to an award of reasonable attorney's fees. Relying on F.R.Civ.P. 12(b)(6), JJ Sports moves to dismiss the counterclaims for failure to state a claim.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion to Dismiss Standards

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Davis v. Scherer*,

... 

468 U.S. 183 (1984); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Accordingly, in *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit explained that:

> [a F.R.Civ.P. 12(b)(6)] motion tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. (internal quotation marks and citations omitted).

A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n.2 (9th Cir. 1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc., v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the United States Supreme Court explained that:

> [While] "detailed factual allegations" are not required the pleading must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id*. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

The United States Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations

3

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown - that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50 (internal quotation marks and citations omitted).

With these standards in mind, this Court turns to JJ Sports' challenges to Mr. Martinez' counterclaims.

### **Mr. Martinez' Counterclaims**

#### *Counterclaim No. 1*

Mr. Martinez' first counter claim contains two parts. First, he contends that 47 U.S.C. § 605, ("section 605") which prohibits the unauthorized publication or use of communications, is invalid. Answer, p. 6. Second, he contends that he did not violate the statute. Answer, p. 6-7.

With regard to the validity of the statute, there is a presumption that federal statutes are constitutional unless there has been a "plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607 (2000) (internal citations omitted). "A facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). "Federal courts, when confronting a challenge to the constitutionality of a federal statute, follow a cardinal principle: They will first ascertain whether a construction . . . is fairly possible that will contain the statute within constitutional bounds." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 78 (1997) (internal quotation marks omitted).

In Mr. Martinez' answer, the extent of his challenge to section 605 is that he "seek[s] declaration[] of [the] invalidity" of the statute. Answer, p. 6. He does not explain why he alleges that

the statute is invalid. To the extent that his challenge to the statute is constitutional in nature, he fails to even allege that "no set of circumstances exists under which the Act would be valid." *Salerno*, 481 U.S. at 745. Accordingly, the first part of counterclaim one is insufficient because it is conclusory. *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

With regard to the second part of counterclaim one, Mr. Martinez alleges that he did not violate section 605 thus, he is entitled to a judgment which invalidates JJ Sports' allegations. Answer, p. 6-7. Mr. Martinez' claim is a conclusion unsupported by factual allegations. While a legal conclusion can provide the framework of a complaint, it must be supported by factual allegations. *See Iqbal*, 129 S. Ct. at 1950. In addition, Mr. Martinez has failed to state a plausible claim for relief. Mr. Martinez argues that because he did not violate section 605, he is entitled to a judgment which invalidates JJ Sports' allegations. Answer, p. 6-7. Even if Mr. Martinez did not violate section 605, he has failed to explain why he would be entitled to a judgment which invalidates the allegation. *See Iqbal*, 129 S. Ct. at 1950. Accordingly, Mr. Martinez' first counterclaim is DISMISSED with prejudice.

### *Counterclaim No. 2*

Next, Mr. Martinez alleges that he did not violate 47 U.S.C. § 553 ("section 553"), which prohibits the unauthorized reception of cable services. Answer, p. 7. Thus, he concludes, he is entitled to a judgment which invalidates JJ Sports' allegations. *Id*. Mr. Martinez' claim is a conclusion unsupported by factual allegations. As discussed above, while a legal conclusion can provide the framework of a complaint, it must be supported by factual allegations. *See Iqbal*, 129 S. Ct. at 1950. In addition, Mr. Martinez has failed to state a plausible claim for relief. Mr. Martinez alleges that because he did not violate section 553, he is entitled to a judgment which invalidates JJ Sports' allegations. Answer, p. 6-7. Even if Mr. Martinez did not violate section 553, he fails to allege why he would be entitled to a judgment which invalidates the allegation. *See Iqbal*, 129 S. Ct. at 1950. Accordingly, Mr. Martinez' second counterclaim is DISMISSED with prejudice.

### *Counterclaim No. 3*

Third, Mr. Martinez alleges that he did not commit an act of conversion, that JJ Sports knew that he did not commit an act of conversion when JJ Sports filed the complaint, and that he is entitled to an award "of its reasonable." Answer, p. 7-8. Mr. Martinez' claims are conclusions unsupported by factual

allegations. *See Iqbal*, 129 S. Ct. at 1950. Accordingly, Mr. Martinez' third counterclaim is DISMISSED with prejudice.

### *Counterclaim No. 4*

Fourth, Mr. Martinez alleges that he did not violate Cal. Bus. Prof. Code, § 17200, et seq., California's Unfair Competition Law ("UCL"). Answer, p. 8. He also alleges that JJ Sports knew or should have known that he did not violate the UCL when JJ Sports filed its complaint. Answer, p. 8. He further alleges that his counterclaim presents "exception[al] circumstances and . . .thus[, he] is entitled to an award of . . . reasonable attorney's fees." Answer, p. 8. Again, Mr. Martinez' claims are conclusions unsupported by factual allegations. *See Iqbal*, 129 S. Ct. at 1950. Accordingly, Mr. Martinez' fourth counterclaim is DISMISSED with prejudice.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. VACATES the September 21, 2011 hearing on this motion;
2. GRANTS JJ Sports' motion to dismiss Mr. Martinez' counterclaims;
3. DISMISSES Mr. Martinez' counterclaims with prejudice; and
4. DIRECTS the clerk to enter judgment in favor of counter-defendant J & J Sports Productions, Inc. and against counterclaimant Jose Martinez on Mr. Martinez' counterclaims in that there is no just reason to delay to enter such judgment given that Mr. Martinez' counterclaims against the JJ Sports and JJ Sports' alleged liability are clear and distinct from claims against and liability of other parties. *See* F.R.Civ.P. 54(b).

IT IS SO ORDERED.

Dated: **September 19, 2011**     **/s/ Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE